UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Operating Engineers Local #49
Health and Welfare Fund and
Central Pension Fund of the
International Union of Operating
Engineering and Participating
Employers, and Local #49
International Union Of Operating
Engineers and Associated
General Contractors of Minnesota
Apprenticeship and Training
Program and their Trustees,

                Plaintiffs,

vs.                              REPORT AND RECOMMENDATION

CMT Removal and Construction Inc.,
d/b/a Jacobsen Removal,

                Defendant.         Civ. No. 08-1299 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B). The action was commenced on May 12, 2008, by the filing of a Complaint with the Clerk of Court. On May 23, 2008, an Affidavit of Service was filed, which disclosed that the Defendant was served with the

Summons and Complaint on May 21, 2008.  See, <u>Docket No. 2</u>.  On June 18, 2008, it having appeared that twenty (20) days had passed and the Defendant had not filed an Answer, or otherwise responded to the Complaint, as required the Federal Rules of Civil Procedure, this Court issued an Order, which stated as follows:

> That counsel for the Plaintiffs is directed to:
>
> 1.   Notify the Defendant that it is required to serve and file its Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed;
>
> 2.   File an application for entry of default unless the required pleadings are filed within 10 days of the referenced notification; or
>
> 3.   Advise the Court in writing of any good cause to the contrary.
>
> Unless counsel for the Plaintiffs complies with this Order within 20 days of this date, this case may be dismissed for lack of prosecution.

See, <u>Order</u>, <u>Docket No. 3</u>.

More than twenty (20) days have passed, since the issuance of our Order, and no Answer or other responsive pleading has been filed by the Defendant, and no Application for Default has been filed by the Plaintiffs.

The Plaintiffs have failed to abide by the terms of our Order of June 18, 2008. Since we have previously warned the Plaintiffs of the potential consequences for their failure to abide by the Orders of this Court, we recommend that this action be dismissed for failure to comply with this Court's Order of June 18, 2008, and for lack of prosecution.

NOW THEREFORE, It is --

RECOMMENDED:

That this action be dismissed for failure to comply with this Court's Order of June 18, 2008, and for lack of prosecution.

                                      BY THE COURT:

Dated: July 17, 2008                     *s/Raymond L. Erickson*
                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

**August 1, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 1, 2008,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.